IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 97-11158

Summary Calendar

---

TAM T. MARTINEZ,
FLOYD MARTINEZ;

Plaintiffs-Appellants,

versus

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY;

Defendant-Appellee.

---

Appeal from the United States District Court
For the Northern District of Texas
(3:96-CV-0969-P)

---

June 26, 1998

Before HIGGINBOTHAM, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Plaintiffs Tam and Floyd Martinez appeal from an adverse jury verdict on their insurance coverage claim against defendant State Farm Mutual Automobile Insurance Co. The plaintiffs contended that the negligence of an underinsured driver was the proximate cause of their injuries, and they sought benefits under the underinsured motorist provision of their State Farm insurance policy. The jury concluded that the underinsured motorist was negligent, but it found that this negligence was not the proximate cause of the

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plaintiffs' injuries. The plaintiffs raise a variety of issues on appeal.

The plaintiffs first contend that the district court erred in admitting as impeachment evidence a surveillance videotape of Tam Martinez, offered by State Farm to impeach her testimony that the accident gave her serious physical injuries. The videotape apparently came into existence within 30 days before trial and was not produced to the plaintiffs. Under the Federal Rules of Civil Procedure, impeachment evidence need not be produced to the opposing side. See Fed. R. Civ. P. 26(a)(3). There is some question as to whether this evidence also went to the substance of the plaintiffs' claims. Cf. Chiasson v. Zapata Gulf Marine Corp., 988 F.2d 513 (5th Cir. 1993). Regardless of whether the district court erred in admitting this evidence, however, the plaintiffs must still demonstrate that the erroneously admitted evidence affected their substantial rights. See Great Plains Equip. v. Koch Gathering Sys., 45 F.3d 962, 967 (5th Cir. 1995). Here, assuming the evidence went to the plaintiffs' damages, the admission of the evidence is irrelevant, for the jury never reached the damages issue. See id. Rather, the jury found that the negligence of the underinsured driver was not the proximate cause of the accident; the videotaped evidence therefore was irrelevant to the jury verdict and no substantial right of the plaintiffs was affected by the trial court's evidentiary ruling.

The plaintiffs also contend that the district court erred in dismissing their negligence per se claim upon State Farm's motion.

2

Yet the plaintiffs never pled this theory of liability, so the district court did not abuse its discretion in refusing to submit it to the jury.  See Morris v. Homco Int'l, Inc., 853 F.2d 337, 342 (5th Cir. 1988).  The plaintiffs failed to object to the district court's separation of the negligence and proximate cause issues in its jury charge.  Although it may not be standard practice to separate these issues, this separation did not constitute plain error.  Furthermore, we find from Diana Blythe's testimony that there was sufficient evidence from which the jury could have concluded that the accident was the fault of Tam Martinez.  Accordingly, the district court did not abuse its discretion in denying the plaintiffs' motion for a new trial.

AFFIRMED.